**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at CHARLESTON**

**MICHELLE DANIELS, as the Representative of the
ESTATE OF ROBERT LEE DANIELS, JR., DECEASED,
and on BEHALF OF MINOR C.D., and MICHELLE
DANIELS, individually, ROBERT LEE DANIELS, SR., individually,**

      Plaintiffs,

v.                                                    Civil Action No.  _2:22-cv-00247_____

**MINGO COUNTY COMMISSION,** A West Virginia county government;
**MINGO COUNTY SHERIFF JOE SMITH,** individually and in his official capacity;
**LT. E. SHERRILL,** individually and in his official capacity;
**DEPUTY J.D. TINCHER,** individually and in his official capacity;
**CHIEF FIELD DEPUTY ALLEN MOUNTS,** individually and in her official capacity;
**SGT. N. MINES,** individually and in his official capacity;
**DEPUTY BLAKE T. SIPPLE,** individually and in his official capacity;
**DEPUTY G. MESSER,** individually and in his official capacity;
**SGT. A FARRA,** individually and in his official capacity;
**SGT, C. ENDICOTT,** individually and in his official capacity;
**CPL. D. NUNLEY,** individually and in his official capacity;
**CPL. E. WILLIAMS,** individually and in his official capacity;
**CPL. M. LENDEARO,** individually and in his official capacity;
**CPL. LARRY THOMAS,** individually and in his official capacity;
**DEPUTY T. BROWNING,** individually and in his official capacity;
**DEPUTY JEREMY CASEY,** individually and in his official capacity;
**DEPUTY T. J. JUSTICE,** individually and in his official capacity;
**DEPUTY MAX J. MOUNTS,** individually and in his official capacity;
**SGT. J. MUNCY,** individually and in his official capacity;
**CPL. R. FITCH,** individually and in his official capacity;
**JOHN DOE OFFICERS/DEPUTIES FROM MINGO SHERIFF DEPARTMENT,**
individually and in their official capacities;
**CITY OF MATEWAN, WEST VIRGINIA,** A West Virginia municipal government;
**CITY OF MATEWAN MAYOR MATT MOORE,** individually and in his official
capacity;
**OFFICER D. STRATTON,** individually and in his official capacity;
**OFFICER JOSHUA CROWN,** individually and in his official capacity;
**SGT. MAYNARD,** individually and in his official capacity;
**JOHN DOE OFFICERS FROM CITY OF MATEWAN POLICE DEPARTMENT,**
individually and in their official capacities;
**MATEWAN FIRE DEPT. CHIEF GIBSON,** individually and in his official capacity;

      Defendants.

## COMPLAINT

This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to, the Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution, pursuant to 42 USC § 1983, and otherwise. Plaintiffs Michelle Daniels, as Representative for the Estate of Robert Lee Daniels, Jr., and for infant C.D., and Michelle Daniels, individually, and Robert Lee Daniels, Sr., individually, for their Complaint against the Defendants, states as follows:

### I.   JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked under 28 U.S.C. §§1343, et. seq.  This action at law for money damages arises under 42 U.S.C. §§ 1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, Fifth and Fourteenth Amendments of the Unites States Constitution.  This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a) because these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in Mingo County, West Virginia, which is located in the Southern District of West Virginia.

## II.    PARTIES

4.      Plaintiff, Michelle Daniels, as Administrator of the Estate of Robert Lee Daniels, Jr., was at the times relevant to this Complaint a resident of Mingo County, West Virginia and subject to the unlawful actions of the Defendants. Michelle Daniels was appointed by the Mingo County, West Virginia Court Clerk's Office as Administrator on April 8, 2022.

5.      Plaintiff, Robert Lee Daniels, Sr., was at the times relevant to this Complaint a resident of Mingo County, West Virginia and subject to the unlawful actions of the Defendants.

6.      Plaintiff, C.D., is the infant son of decedent Robert Lee Daniels, Jr., and was at the times relevant to this Complaint a resident of Mingo County, West Virginia and subject to the unlawful actions of the Defendants.

7.      Defendant Mingo County Commission ("Commission") is a political subdivision established by the laws of the State of West Virginia. Pursuant to West Virginia law, the Commission created a police force, the Mingo County Sheriff's Department ("MCSD"). MCSD is subject to the authority, control and discipline of its administrative authority, the Mingo County Commission. The Mingo County Commission is a "person" as that term is defined in 42 U.S.C. § 1983.

8.      Defendant Sheriff Joe Smith is the duly elected Sheriff employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

9.      Defendant Lt. E. Sherrill is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

10.     Defendant J.D. Tincher is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

11.     Defendant Allen Mounts is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

12.     Defendant N. Mines is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

13.     Defendant Blake T. Sipple is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

14.     Defendant G. Messer is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

15.     Defendant A. Farra is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

16.     Defendant C. Endicott is a deputy sheriff and is employed by MCSD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

17.     Defendant D. Nunley is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

18.     Defendant E. Williams is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

19.     Defendant M. Lendearo is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

20.     Defendant Larry Thomas is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

21.     Defendant T. Browning is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

22.     Defendant Jeremy Casey is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

23.     Defendant T.J. Justice is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

24.     Defendant Max J. Mounts is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

25.     Defendant J. Muncy is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

26.     Defendant R. Fitch is a deputy sheriff and is employed by MCSD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

27.     Defendants John Doe Officers/Deputies from Mingo County Sheriff's Department are deputy sheriffs/officer and are employed by MCSD. They are "persons" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. They are sued in both their individual and official capacities.

28.     Defendant City of Matewan, West Virginia ("City") is a political subdivision established by the laws of West Virginia. Pursuant to West Virginia law, the City created a police force, Matewan Police Department ("MPD"). The City of Matewan and MPD are "persons" as that term is defined in 42 U.S.C. § 1983.

29.     Defendant Matt Moore is the mayor of Matewan, West Virginia. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

30.     Defendant D. Stratton is a police officer and is employed by MPD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

31.     Defendant Joshua Crown is a police officer and is employed by MPD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

32.     Defendant Sgt. Maynard is a police officer and is employed by MPD.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

33.     Defendants John Doe Officers/Deputies from City of Matewan Police Department are officers and are employed by MPD. They are "persons" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  They are sued in both their individual and official capacities.

34.     Defendant Chief Gibson is the Matewan Fire Department Chief Officers.  He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law.  He is sued in both his individual and official capacities.

### III.    FACTS

35.     On or about January 4, 2022, Plaintiff Robert Lee Daniels, Sr., (Daniels, Sr.) was driving a van on Rt. 49 in Mingo County, West Virginia, with Plaintiff Michelle Daniels in the rear seat and decedent Robert Lee Daniels, Jr., (Daniels, Jr.) in the front passenger seat. Plaintiffs Daniels, Sr., and Michelle Daniels had recently picked up Daniels, Jr. The van in which these Plaintiffs were traveling was moving at a very slow speed due to mechanical difficulties.

36.     At approximately 7:00 P.M., Defendant J.D. Tincher and possibly other Defendant officers approached the vehicle in police and/or deputy cruiser/cruisers, turned on police lights and instructed the van to pull over. After approximately one minute of Defendant Tincher

driving behind the slow-moving van, Plaintiff Daniels, Sr., did as was ordered and pulled the van to the side of the road.

37.    When the Daniels' van was at a complete stop, Defendant Tincher immediately exited his vehicle, drew his service weapon in a combat stance, approached the passenger side where Daniels, Jr., was located, opened the passenger side door and instructed Daniels, Jr., to "get out of the [expletive] vehicle." When receiving these instructions, Daniels, Jr., complied by removing his hands from the dashboard, placing his hands in the air and turning to his right to exit the vehicle. As Plaintiff Daniels, Jr., was not armed and posed no threat, he began exiting the Daniels' van.

38.    Without aggression or provocation, Daniels, Jr., calmly exited the van when Defendant Tincher immediately opened fire, discharging no less than three (3) rounds from his service weapon. During this shooting, Daniels, Jr.'s, hands were raised above his head and he was not armed with any form of weapon or dangerous item. Upon information and belief, three (3) rounds struck Daniels, Jr. He then fell back into the Daniels' van where he lay profusely bleeding.

39.    As he lay dying on the Daniels' van floorboard, no Defendant officer, including shooter Defendant Tincher, administered first aid of any sort. Simply put, all present Defendant officers ignored Daniels, Jr.'s, condition and Plaintiffs Daniels, Sr.'s, and Michelle Daniels's pleas for assistance in order to save their son's life. Over the course of the next sixty (60) to ninety (90) minutes no less than twenty (20) of the Defendant officers and Matewan Fire Chief Gibson arrived at the scene of the shooting. This scenario continued for no less than three (3) hours as Plaintiffs Daniels, Sr., and Michelle Daniels witnessed their son choke on his own blood and take his last breath. Robert Lee Daniels, Jr., died on the scene as a result

of the Defendants' collective intentional and negligent acts and from the shots fired by Defendant J.D. Tincher.

40.    As stated, no Defendant administered any form of first aid or CPR to save the life of Daniels, Jr. Instead of trying to save Daniels, Jr.'s, life, no Defendant officer or Fire Chief Gibson called for medical assistance/EMS for approximately two (2) hours after the shooting and many of the Defendants at the scene laughed, celebrated and congratulated Defendant Tincher for "his first kill" as an officer. All the while Plaintiffs Daniels, Sr., and Michelle Daniels witnessed this egregious, demeaning and disgusting behavior as their son lie lifeless on the floor of the van and then the street after he was dragged to that location. Further, all Defendants present at the shooting scene permitted Daniels, Jr.'s dead body to lie on the street without being covered for over two (2) hours.

41.    After Defendant Tincher shot and killed an unarmed Daniels, Jr., MPD Defendant officer Joshua Crown and another named Defendant officer forcibly removed a compliant, non-aggressive Plaintiff Daniels, Sr., from the van, slammed him to the ground, began striking, kicking and stomping him as well as beating him with a service pistol about his face and head.[1] This alleged excessive force resulted in various serious physical and emotional injuries.

42.    After the shooting death of Robert Lee Daniels, Jr., some Defendant officers were not finished with egregious and malicious conduct. While Daniels, Jr.'s dead body lie uncovered in first the van and then the street, Defendant officers J.D. Tincher, Blake T. Sipple and T.J. Justice charged and arrested Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels with the crime of *Accessory in the First Degree,* Mingo County Magistrate Court, Case

---

[1] Robert Lee Daniels, Sr., is not seeking damages for these incidents of excessive force in this civil matter as he is filing a separate lawsuit concerning the same.

numbers 22-M30F-3, 22-M30F-4, respectively. Because of the spurious arrests and related bond, both Plaintiffs spent the next two (2) days at Southwestern Regional Jail. Simply put – after witnessing the intentional, malicious and unlawful shooting of their compliant and unarmed son which resulted in his death before their eyes, the fabricated felony charges caused Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels to initially mourn their dead son, make sense of his tragic death and the unnecessary occurrences which lead to the killing and arrange his funeral while incarcerated at a dirty, overcrowded and dismal jail with no access to each other, relatives and, most importantly, their grandson, Plaintiff C.D. Upon making bail, Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels were finally able to make funeral arrangements for Daniels, Jr. However, to add insult to injury, the preliminary hearing was held on the same date as Daniels, Jr.'s, funeral and Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels had to move to continue that hearing.

43.    The totality of events and unfortunate and tragic consequences has taken such a toll on all Plaintiffs any reasonable person could not shoulder such burdens. As such, these issues will be addressed in the Damages section of this Complaint.

## IV.    ALLEGATIONS

### COUNT I
### CIVIL RIGHTS VIOLATION
### (Excessive Force– 42 U.S.C. § 1983)

44.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

45.    The degree of force actually used against decedent Daniels, Jr., was objectively unreasonable, excessive and unwarranted and violated decedent Daniels, Jr.'s clearly

established right to be free from excessive force when the person had already surrendered, was unarmed and posed no harm – all which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

46.    The Defendant officers' actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for decedent Daniels, Jr.'s safety and constitutional rights.

47.    The Defendant officers' actions were the direct and proximate cause of the injuries and constitutional violations of which Plaintiffs complain.

## COUNT II
## CIVIL RIGHTS VIOLATION
### (Failure to Provide Medical Care– 42 U.S.C. § 1983)

48.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporate the same herein and make each a part hereof.

49.    Defendant officers committed unwarranted and unconstitutional excessive force against decedent Daniels, Jr., which ultimately resulted in his death.

50.    Defendant officers and Defendant Fire Chief Gibson knew decedent Daniels, Jr. was severely injured based upon their own observations, remarks made and Plaintiffs Daniels, Sr., and Michelle Daniels's complaints and outspoken concerns over their son's diminishing condition.

51.    Despite decedent Daniels, Jr.'s severe, blatant and obvious injuries from the several gunshot wounds, Defendant officers and Defendant Fire Chief Gibson did not provide or ensure decedent Daniels, Jr., was immediately transported for emergency medical services.

52.     The Defendant officers and Defendant Fire Chief Gibson did not immediately provide or transport decedent Daniels, Jr., for emergency medical services even though decedent Daniels, Jr.'s condition was of such that he required serious medical treatment and needed to be transported to the hospital immediately.

53.     The Defendant officers and Defendant Fire Chief Gibson did not immediately provide or transport decedent Daniels, Jr., for emergency medical services in order to wantonly cause him unnecessary pain and suffering and emotional distress.

54.     The Defendant officers' and Defendant Fire Chief Gibson's actions and/or inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for decedent Daniels, Jr.'s safety, care, constitutional rights and, most importantly, life.

55.     The Defendant officers' and Defendant Fire Chief Gibson's actions and/or inactions were the direct and proximate cause of furtherance of decedent Daniels, Jr.'s injuries and constitutional violations of which Plaintiffs complain which resulted in decedent Daniels, Jr.'s death at the age of twenty-seven (27).

## COUNT III
## CIVIL RIGHTS VIOLATION
### (Wrongful Death – 42 U.S.C. § 1983)

56.     Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporate the same herein and make each a part hereof.

57.     Defendant officers committed unwarranted and unconstitutional excessive force against unarmed decedent Daniels, Jr., which ultimately resulted in his death. Specifically, Defendant J.D. Tincher, and possibly other officer Defendant/Defendants, fired no less than three (3) rounds from a service pistol/pistols and three (3) rounds struck decedent Daniels, Jr.,

in various parts of his body. West Virginia Department of Health and Human Resources, Bureau of Public Health – Vital Registration Office certified Robert Lee Daniels, Jr.'s, death on January 5, 2022 and the cause of death, namely, homicide by multiple gunshot wounds from other(s), was certified on March 22, 2022.

58.     As with the Excessive Force claim above, the degree of force actually used against decedent Daniels, Jr., was objectively unreasonable, excessive and unwarranted and violated decedent Daniels, Jr.'s clearly established right to be free from a wrongful and unjust death when the person had already surrendered, was unarmed and posed no harm – all which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

59.     Decedent Daniels, Jr., did not suffer from any gunshot or other serious or severe wounds prior to January 4, 2022 which could have contributed to the cause of death. As such, the cause of death mentioned above undisputedly came from the gunshots fired by Defendant J.D. Tincher and possibly other officer Defendants and is verified by and through the West Virginia Department of Health and Human Resources, Bureau of Public Health. As such, Plaintiff Michelle Daniels, as administrator for the estate of Robert Lee Daniels, Jr., seeks compensation as set forth more specifically below in the Damages section of this Complaint.

**COUNT IV**
**CIVIL RIGHTS VIOLATION**
**(Unlawful Seizure of a Person - 42 U.S.C. § 1983)**
**(Plaintiff Robert Lee Daniels, Sr., and Plaintiff Michelle Daniels)**

60.     Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporate the same herein and make each a part hereof.

61.     On January 4, 2022, Defendants Tincher, Sipple and Justice, and possibly other members of Defendant MCSD, acting under color of law, unlawfully detained Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels without probable cause or reasonable suspicion that any violation or crime had been committed. Those actions violate both Robert Lee Daniels, Sr.'s, and Michelle Daniels' rights to due process, equal protection and give rise to these Plaintiffs' claims pursuant to the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 as well at the West Virginia Constitution.

62.     These Defendants and Defendant MCSD/MCC violated both Robert Lee Daniels, Sr.'s, and Michelle Daniels' constitutional rights. These rights, namely, the rights to due process, equal protection and not to be detained without probable cause or reasonable suspicion, were clearly established at the time they were arrested and wrongfully detained. Both Robert Lee Daniels, Sr., and Michelle Daniels were ordered out of the vehicle, Robert Lee Daniels, Sr., was severely beaten, both placed in handcuffs after witnessing their son being shot no less than three (3) times and die before their eyes. All of these acts occurred despite neither Robert Lee Daniels, Sr., nor Michelle Daniels committing a crime or being suspected of committing a crime.

63.     Both Robert Lee Daniels, Sr., and Michelle Daniels did not pose an immediate threat to the safety of any Defendant, themselves or others. Both Robert Lee Daniels, Sr., and Michelle Daniels were not actively resisting arrest or attempting to evade arrest upon stopping and turning off the slow-moving vehicle in which they were travelling. These Defendants' conduct was objectively unreasonable, resulted from lack of training and good faith and comported with Defendant Mingo County Sheriff Department's illegal de facto policies.

64.    As a result, both Robert Lee Daniels, Sr., and Michelle Daniels suffered injuries which resulted directly from their wrongful detention and/or seizure which was objectively unreasonable and in violation of clearly established laws.

65.    The specific acts of the Defendant officers were objectively unreasonable and more particularly set forth below:

a.    Defendant officers failed to use an objectively reasonable assessment of the facts when they chose to detain both Robert Lee Daniels, Sr., and Michelle Daniels where there was no probable cause or reasonable suspicion that a crime or crimes had been committed or were about to be committed.

b.    Defendant officers failed to provide either Robert Lee Daniels, Sr., and Michelle Daniels with any medical attention despite the fact that they were suffering from witnessing the shooting of their son and, as it concerns Robert Lee Daniels, Sr., medical attention for the brutal beating he received at the hands of these Defendant officers as well as the Defendant officers failure to release them in a timely manner, namely two (2) days, and that choice was objectively unreasonable under the circumstances.

66.    The Defendant officers' conduct was well defined by law and they knew or should have known that the conduct was below the standard prescribed by law.

67.    As a result of the violations of the Constitutional standards set forth herein, both Robert Lee Daniels, Sr., and Michelle Daniels were treated inhumanly and incurred extreme pain, suffering and injury when they were wrongfully and maliciously detained for which they seek compensation as set forth more specifically below in the Damages section of this Complaint.

## COUNT V
## BYSTANDER LIABILITY

68.     Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

69.     Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels were within Defendant Tincher's line of fire when he fatally shot their son, Robert Lee Daniels, Jr. They both witnessed Robert Lee Daniels, Jr., suffer from the deadly gunshot wounds to his body. As one may expect when parents witness the senseless and brutal death of their son, Robert Lee Daniels, Sr., and Michelle Daniels were traumatized and in great shock. Both Robert Lee Daniels, Sr., and Michelle Daniels were in the vehicle with Robert Lee Daniels, Jr., as he choked on his own blood and drew his last breath on the vehicle floorboard. Robert Lee Daniels, Sr., and Michelle Daniels have suffered tremendous direct personal injury in the form of mental anguish and severe emotional distress.

70.     As a direct and proximate result of the fatal shooting of their son in their presence, Robert Lee Daniels, Sr., and Michelle Daniels seek compensation as set forth more fully and specifically below in the Damages section of this Complaint.

## COUNT VI
## STATE OF WEST VIRGINIA TORT CLAIMS

71.     Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

72.    State law and common law claims and causes of action are asserted by Plaintiff Michelle Daniels on behalf of decedent Robert Lee Daniels, Jr., and asserted by Plaintiffs Robert Lee Daniels, Jr., and Michelle Daniels are alleged against all Defendants as follows:

(a)    Tort of harassment;

(b)    Tort of unwelcome touching of his/their person, specifically, on occasions the individual Defendants perpetrated the same;

(c)    Tort of civil battery;

(d)    Tort of civil assault;

(e)    Tort of intentional infliction of emotional distress/tort of outrage;

(f)    Tort of outrageous and atrocious conduct;

(g)    Tort of invasion of his/their right to privacy;

(h)    Tort of civil conspiracy;

(i)    other statutory and common law causes of action, including but not limited to, common law negligence against all Defendants, if applicable.

73.    As a direct and proximate result of the actions of any and all Defendants, and the fatal shooting of their son in their presence, Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels and Plaintiff Michelle Daniels, as administrator for the estate of Robert Lee Daniels, Jr., seek compensation as set forth more fully and specifically below in the Damages section of this Complaint.

## COUNT VII
## STATE OF WEST VIRGINIA NEGLIGENCE CLAIMS

74.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

75.    State law and common law claims and causes of action are asserted by Plaintiff Michelle Daniels on behalf of decedent Robert Lee Daniels, Jr., and asserted by Plaintiffs Robert Lee Daniels, Jr., and Michelle Daniels are alleged against all Defendants as follows[2]:

    (a)     Negligent hiring;

    (b)     Negligent training;

    (c)     Negligent retention;

    (d)     Negligent supervision;

    (e)     Negligent in failing to provide medical care;

    (f)     Negligent infliction of emotional distress;

    (g)     Negligence.

76.    As a direct and proximate result of the negligent actions/inactions of any and all Defendants as well as the fatal shooting of their son in their presence due and failure to provide any semblance of medical care, Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels and Plaintiff Michelle Daniels, as administrator for the estate of Robert Lee Daniels, Jr., seek compensation as set forth more fully and specifically below in the Damages section of this Complaint.

## COUNT VIII
## MUNICIPAL LIABILITY

77.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

78.    The above-described deprivation of all Plaintiffs' constitutional and other rights were caused by implementation of customs, policies and/or official acts of the Mingo County Commission and the City of Matewan/Matewan Police Department; to wit, among other

---

[2] At the day of filing the Complaint, Plaintiffs are unaware of which Defendants held supervisory positions within the respective Defendant entities. After the discovery process Plaintiffs will voluntarily pare down this claim to include only those who held such roles and the entities themselves and dismiss non-offending officers.

things: Permitting police officers to engage in law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding lawful detention, the proper use of force, and the failure to adequately train, supervise and discipline its police officers regarding the requirement to provide immediate medical assistance to injured arrestees as well as negligently retaining officers previously accused of excessive force.

79.    The Mingo County Commission and the City of Matewan/Matewan Police Department, by these acts and omissions, has exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights and safety which its customs and policies pose.

80.    The Mingo County Commission's and the City of Matewan's/Matewan Police Department's customs and policies violate the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

81.    The customs, practices and policies of The Mingo County Commission and the City of Matewan/Matewan Police Department were the direct and proximate cause of the injuries and constitutional violations of which Plaintiffs complain.

82.    As a direct and proximate result of the negligent actions/inactions of the Defendant municipalities, Plaintiffs Robert Lee Daniels, Sr., and Michelle Daniels and Plaintiff Michelle Daniels, as administrator for the estate of Robert Lee Daniels, Jr., seek compensation as set forth more fully and specifically below in the Damages section of this Complaint.

## V.  SURVIVAL ACTION

83.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

84.    Plaintiff Michelle Daniels is the administrator of the estate of decedent Robert Lee Daniels, Jr., Plaintiff C.D. is the infant son of decedent Robert Lee Daniels, Jr. Decedent Robert Lee Daniels, Jr., died as a result of the collective and individual acts of all Defendants and all Plaintiffs, including the decedent, would have been entitled to bring this action against all Defendants had decedent lived.

85.    Decedent Robert Lee Daniels, Jr.'s right of action for the wrongful conduct against all Defendants survive in favor of Plaintiff C.D., heirs, legal representatives and for the estate of the deceased. To that end, Defendants are liable to all Plaintiffs for the loss of decedent Robert Lee Daniels, Jr.'s life, future income, wages and benefits, pain and suffering for the various and several violations of his civil rights. Plaintiffs seek compensation as forth more specifically in the Damages section of this Complaint.

## VI.  PUNITIVE and EXEMPLARY DAMAGES

86.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

87.    The conduct of the Defendants, especially Defendant J.D. Tincher with his record of excessive force and cruel and unusual punishment, was so egregious, malicious and atrocious that all Plaintiffs request and deserve punitive and exemplary damages. These damages are to punished the conduct addressed above and to deter such conduct in the future and relay

consequences thereof. To that end, Plaintiffs request these punitive and exemplary damage in a sum which is within the jurisdictional limits of this Court for each Defendant.

## VII. DAMAGES

88.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

89.    Defendants' individual and collective actions and/or inactions were a proximate cause of the following injuries suffered by all Plaintiffs and decedent Robert Lee Daniels, Jr.:

    (a)    Actual damages;

    (b)    Punitive and exemplary damages;

    (c)    Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    (d)    Pain, suffering and mental anguish suffered by decedent Robert Lee Daniels, Jr., prior to his untimely and unwarranted death;

    (e)    Mental anguish and emotional distress suffered by all Plaintiffs;

    (f)    Loss of quality of life suffered by all Plaintiffs;

    (g)    Funeral and burial expenses borne by Plaintiffs;

    (h)    Loss of service;

    (i)    Loss of future earnings, benefits, wages and contributions of decedent Robert Lee Daniels, Jr.;

    (j)    Pursuant to 42 U.S.C. §1988 and other applicable laws, Plaintiffs and Plaintiffs' counsel are entitled to reasonable attorney fees, costs and expenses for preparation and prosecution of this civil matter including for its appeal, if applicable;

    (k)    Pre-judgment and post-judgment interest;

    (l)    Any other damages this Court and/or the jury decide is just and fair.

## VIII.  COSTS AND ATTORNEY FEES

90.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

91.    As stated above, Plaintiffs and their counsel are entitled to attorney fees, costs and expenses in prosecuting this civil matter pursuant to 42 U.S.C. §1988(b). As such, Plaintiffs respectfully request the Court award the same.

## IX.  JOINT AND SEVERAL LIABILITY

92.    Plaintiffs refer to and re-plead each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporate the same herein and make each a part hereof.

93.    Plaintiffs would show the Defendants were jointly and severally liable for the gross negligence and intentional acts which were the proximate causes of all Plaintiffs' injuries, including those which lead to the death of the decedent Robert Lee Daniels, Jr.

## X.  PRAYER FOR RELIEF

WHEREFORE, based upon the above stated facts, Plaintiffs request judgment against the Defendants in an amount that will fully and fairly compensate Plaintiffs for their injuries including future lost wages, pain and suffering, loss of enjoyment of life, annoyance, aggravation, psychological distress and any other compensatory damages to be proved at trial. Plaintiff further requests punitive damages against the Defendant officers, reasonable attorney fees, expenses and costs, all other damages provided by law and any other relief this Court deems just, fair and reasonable.

## PLAINTIFFS DEMAND A JURY TRIAL.

MICHELLE DANIELS, as the Representative of the ESTATE OF ROBERT LEE DANIELS, JR., DECEASED, and on BEHALF OF MINOR C.D., MICHELLE DANIELS, individually, ROBERT LEE DANIELS, SR., individually
**Plaintiffs**

Kerry A. Nessel, Esquire (WVSB #7916)
THE NESSEL LAW FIRM, P.L.L.C.
418 Ninth Street
Huntington, WV 25701
Office: 304.697.6377
Nessel@comcast.net